```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

SIMPLEXGRINNELL, L.P., a limited partnership,

                    Plaintiff,

vs.                                 Case No. 2:07-cv-456-FtM-29DNF

MIRCEA S. GHIRAN, an individual,

                    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #17) filed on August 8, 2007. Plaintiff filed a Response In Part, and In the Alternative, Motion to Amend Verified Complaint (Doc. #18) on August 22, 2007.

**I.**

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint; the court takes the allegations in the complaint as true, and the complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Morrison, 323 F.3d at 924

n.5. In a factual attack motion, the court is not limited to the facts alleged in the Complaint, but may consider extrinsic evidence such as testimony and affidavits as long as the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action. Morrison, 323 F.3d at 924-25; Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). Defendant in this case mounts a facial attack on the Complaint.

Defendant also challenges the sufficiency of the Complaint under Rule 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (May 21, 2007)(citations omitted); Erickson v. Pardus, 127 S. Ct. at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

-2-

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim. Id.  Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## II.

The Complaint (Doc. #1) alleges the following facts: Plaintiff created a panel programing software (the program) which is utilized by their employees.  Plaintiff " has filed a registration application with the U.S. Copyright Office," and "has complied with all requirements of the Copyright Act."  (Doc. #1, ¶34.)  Plaintiff alleges that defendant has infringed upon its copyright with regard to the software program and has violated numerous other state statutes and common law responsibilities.

## III.

Defendant's Motion to Dismiss asserts that the Complaint should be dismissed because it does not allege that a copyright certificate of registration was obtained for the program.  (Doc.

#17, ¶2.)  Defendant asserts that an application alone is insufficient to confer subject matter jurisdiction on this Court. (Id. at p. 3.)  Plaintiff admits that the Complaint only alleges that an application was filed.  (Doc. #18, p. 2.)  Plaintiff asserts, however, that the allegations are sufficient to meet the pleading requirements.  Furthermore, plaintiff argues that a copy of the certificate of registration was attached to its Emergency Motion and Memorandum of Law In Support of Preliminary Injunction and Temporary Restraining Order.  (Doc. #18, p. 2-3.)

> The Federal Copyright Act, provides in relevant part that:
>
> No action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title.  In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a).  The Eleventh Circuit has held that registration is necessary for a federal court to have subject matter jurisdiction. Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1285 (11th Cir. 2000)("Although a copyright need not have been registered in all cases before it may be infringed, the owner of that copyright must register the copyright before a federal court can entertain an infringement suit."); Arthur Rutenberg Homes v. Drew Homes, Inc., 29 F.3d 1529, 1532 (11th Cir. 1994)("Copyright registration is a pre-requisite to the institution

-4-

of a copyright infringement lawsuit."); M.G.B. Homes v. Ameron Homes, 903 F.2d 1486, 1488 (11th Cir. 1990)("The registration requirement is a jurisdiction prerequisite to an infringement suit."); Watkins v. Southeastern Newspapers, Inc., 163 Fed. Appx. 823, 824 (11th Cir. 2006)(same).

In the present case, the Court finds that it has subject matter jurisdiction because plaintiff obtained a copyright certificate of registration.  See Doc. #2-5.  Therefore, defendant's motion is denied under FED. R. CIV. P. 12(b)(1). However, the Court finds that under FED. R. CIV. P. 12(b)(6), defendant's motion is due to be granted.  Taking all allegations in the Complaint as true, plaintiff fails to state a cause of action, as there are no allegations that a certificate of registration has been obtained or denied.  Because this can clearly be cured by amendment, leave to file an Amended Complaint will be granted.

The Court notes that plaintiff and defendant agree to the dismissal of Count IV insofar as it relates to the conversion of the copyrighted software.  (Doc. #17, ¶3; #18, ¶3.)

Accordingly, it is now

**ORDERED**:

1.   Defendant's Motion to Dismiss (Doc. #17) is **GRANTED in part**.

2.   Plaintiff's Emergency Motion and Memorandum of Law in Support of Preliminary Injunction (Doc. #2) is **DENIED as moot.**

3.  Plaintiff's alternative Motion to Amend Verified Complaint is **GRANTED**.  Plaintiff shall file an Amended Complaint within **TWENTY (20) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   29th   day of August, 2007.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record