UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIMPLEXGRINNELL, L.P., a limited partnership,

          Plaintiff,

vs.                     Case No. 2:07-cv-456-FtM-29DNF

MIRCEA S. GHIRAN, an individual,

          Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Preliminary Injunction (Doc. #27) filed on June 6, 2008. Both parties filed affidavits (Docs. ## 14, 37, 38, 39, 40, 46). The Court heard oral argument on July 8, 2008.

**I.**

For purposes of the preliminary injunction motion, the Court makes the following factual findings: Simplexgrinnell (plaintiff) developed and copyrighted a panel programming software to program fire safety systems. In using the software, a technician creates a customized system program for each fire safety system by attaching their individual laptop with the software to the system panel ("job file"), loading the software into the panel, and copying it onto a backup disk. The Amended Complaint (Doc. #20) alleges that Mircea S. Ghiran (defendant), formerly employed by plaintiff as an Alarm and Electronic Technician, willfully violated plaintiff's intellectual property rights by his theft of tangible

property and the misappropriation or destruction of plaintiff's panel programming software from a laptop computer. Plaintiff alleges that defendant is still in possession of deleted job files and without them systems previously assigned to defendant cannot be programmed or reprogrammed in an emergency. Plaintiff seeks the return of the information taken from the laptop and to prevent any use, destruction, or disclosure of the information. Furthermore, plaintiff seeks to enjoin defendant from contacting any of its customers.

**II.**

In the Eleventh Circuit, issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [the] burden of persuasion on each of [four] prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001). See also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice to the public interest. Suntrust Bank, 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Publ'ns, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516 U.S. 931 (1995). The burden of persuasion

for each of the four requirements is upon the movant. <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

### III.

As a preliminary matter the Court notes that defendant indicated during oral argument that while he objects in principle to the entry of a preliminary injunction of any kind, he has no objection to the entry of a preliminary injunction preventing him from utilizing any of plaintiff's equipment, software, or customer files, as none of those items are in his possession. On the other hand defendant specifically objects to any conditions restricting his ability to contact any of plaintiff's current customers. In light of defendant's acquiescence to the entry of a preliminary injunction directing him to return all of plaintiff's materials, files, and programs and to prevent any use, destruction, or disclosure of any of SimplexGrinnell's proprietary software, the Court will limit its analysis to the issue of customer contact.

Under Florida law, a trade secret is defined as:

> information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

FLA. STAT. § 688.002(4)(2008). Florida courts have interpreted this to mean that customer lists are only covered as trade secrets if they are a product of great expense and effort, and are

confidential. East v. Aqua Gaming, Inc., 805 So.2d 932, 933-4 (Fla. 2d DCA 2001); see also Kavanaugh v. Stump, 592 So.2d 1231 (Fla. 5th DCA 1992)(finding that customer lists can constitute trade secrets if they were acquired or compiled through industry of owner of lists and are not mere compilation of information commonly available to public); but see Sethscot Collection, Inc. v. Drbul, 669 So.2d 1076 (Fla. 3d DCA 1996)(finding that clothing retailer's active customer list containing names of fraternities that had ordered from retailer in that past and detailed purchasing history for each of them on the list was trade secret entitled to injunctive protection preventing former employee from using list to compete with retailer).

In this case, it is undisputed that defendant is soliciting plaintiff's current customers. It is however, unclear whether defendant is doing so based on a customer "list", or simply based on his recollection of the identities of plaintiff's customers. Regardless of whether there was a list or not, the Court finds that plaintiff is not entitled to any relief as to this issue. If there was a customer list, plaintiff has not provided any evidence demonstrating that the customer list allegedly in the possession of defendant contains any information not readily available from public sources, or that they incurred great expense in compiling such a list. In the alternative, if defendant is simply contacting customers based on his memory, he is free to do so, Am. Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir.

1998), as plaintiff conceded during oral argument that defendant was not bound by a "non-compete provision." Thus the Court finds no legal basis on which to enjoin defendant from contacting plaintiff's current customers.

Accordingly, it is now

**ORDERED**:

plaintiff's Motion for Preliminary Injunction (Doc. #27) is **GRANTED in part.** A preliminary injunction will be entered separately.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of July, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record